356 A.2d 355

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Dennis SCHORK.**

Supreme Court of Pennsylvania.

Argued Oct. 21, 1975.

Decided March 17, 1976.

Rehearing Denied April 19, 1976.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., James Shellenberger, Philadelphia, for appellant.

Joel Every, Philadelphia, for appellee.

OPINION OF THE COURT

ROBERTS, Justice.

This is a companion case to *Commonwealth v. Minor*, 467 Pa. ——, 356 A.2d 346 (1975).

Appellee was arrested and indicted on four bills, each charging burglary, larceny and receiving stolen goods. He pled guilty to three of these bills.

On appeal to the Superior Court appellee argued that his guilty pleas were not knowingly, intelligently and voluntarily entered because the elements of the charges to which he pled guilty were not explained to him. The Superior Court, in an unanimous opinion which relied on

pre-*Ingram* [1] law,[2] agreed, and reversed his conviction, remanding for a new trial. This Court granted the Commonwealth's petition for appeal.[3] We affirm the Superior Court, relying on *Minor*, supra.

The basis for reversal is well-stated by the Superior Court:

"The record shows the following, *inter alia*, in the colloquy at the guilty plea hearing:

Defense counsel: Do you understand you are in court and you are charged with four counts of burglary?

Defendant: Yes.

Defense counsel: Do you understand, also three of those burglaries occurred in 1972 and one of them is alleged to have occurred in 1973? The one that is alleged to have occurred this year is charged in Bill No. 1552 of July Sessions, 1973. The three burglaries alleged to have occurred in 1972 were Bills 1549, 1550 and 1551 of July Sessions, 1973; do you understand that?

Defendant: Yes.

.    .    .    .    .    .    .    .

Defense counsel: You have indicated to me you are willing to enter a plea of guilty to certain of the charges here today; is that correct?

Defendant: Yes.

.    .    .    .    .    .    .    .

Defense counsel: I have told you, and will tell you now, in return for your plea of guilty to three of the bills, the bills alleging crimes that occurred in 1972, the District Attorney agreed to move to nol.

1. *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974).
2. See *Commonwealth v. Schork*, 230 Pa.Super. 411, 326 A.2d 878 (1974).
3. We hear this appeal under the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, § 204, 17 P.S. § 211.204 (Supp.1975).

pros. or discharge the remaining bill, 1552, which alleges a crime which occurred this year; do you understand that?

Defendant: Yes.

.       .       .       .       .       .       .       .

Defense counsel: You understand the charge of burglary carries a maximum sentence of 10 to 20 years on each of the individual charges?

Defendant: Yes.

.       .       .       .       .       .       .       .

By the Court: I take it you are pleading guilty because you have reviewed the charges against you and the facts as you know them, and you feel you are guilty of these three burglaries?

Defendant: Yes.

The above quoted sections of the colloquy are *all* those which this Court finds could arguably be cited as revealing any explanation of the nature of the charges to the appellant before his guilty pleas. Of course, at the time of these pleas, an on-the-record colloquy was required. *Boykin v. Alabama,* [395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)]; *Commonwealth v. Godfrey,* [434 Pa. 532, 254 A.2d 923 (1969)]; *Commonwealth v. Belgrave,* [445 Pa. 311, 285 A.2d 448 (1971)].

"The record shows that the indictments on which all three pleas were based include charges of burglary, larceny and receiving stolen goods. While larceny and receiving stolen goods were purportedly included among the charges to which the appellant plead guilty, the record shows that solely charges of burglary were mentioned in the colloquy. Further, as is readily ascertainable from the sections of the colloquy quoted above, the questions and answers of *record* fall far short of a demonstration that appellant understood the nature of the factual basis or legal basis of charges

against him even measured by pre-*Ingram* standards, in effect at the time of this plea. . . . We are constrained to hold that the guilty pleas in question are invalid and the convictions must be reversed." [4] Order affirmed.

POMEROY, J., filed a dissenting opinion in which EAGEN, J., joins.

JONES, C. J., did not participate in the consideration or decision of this opinion.

POMEROY, Justice (dissenting).

For the reasons expressed in parts I and II of my dissenting opinion in *Commonwealth v. Minor*, 467 Pa. 230, ——, 356 A.2d 346, 351–54 (1976), the guilty plea colloquy requirements set forth in *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974), should not be applied in the instant case because Dennis Schork's pleas of guilty were entered prior to January 24, 1974, the date of the *Ingram* decision.

Under pre-*Ingram* law, a guilty plea colloquy must demonstrate "that the plea is voluntarily and understandingly tendered." Pa.R.Cr.P. 319(a). See *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Commonwealth v. McNeill*, 453 Pa. 102, 305 A. 2d 51 (1973); *Commonwealth v. Campbell*, 451 Pa. 465, 304 A.2d 121 (1973); *Commonwealth v. Maddox*, 450 Pa. 406, 300 A.2d 503 (1973). In my view the colloquy which accompanied the pleas in question complied with this standard. Defense counsel explained that Schork was giving up his right to be tried by a jury and what a jury trial entailed, that in either a jury or non-jury trial the Commonwealth must prove his guilt beyond a reasonable doubt, that following a plea of guilty Schork's right of appeal would be severely limited, and that the maxi-

4. 230 Pa.Super. at 416–17, 326 A.2d at 880–81.

mum sentence on each of the charges was imprisonment for a term of ten to twenty years. The court then ascertained that Schork was satisfied with the representation of his attorney and that the pleas had not been induced by threats or promises. Finally, the assistant district attorney read aloud the factual basis for the charges against the defendant.

Despite the fact that this colloquy was as complete as the colloquy we approved in *Commonwealth v. Martin*, 445 Pa. 49, 282 A.2d 241 (1971), the Superior Court concluded that it was inadequate under pre-*Ingram* standards because the defendant had not been expressly informed of the nature of the charges against him. I do not agree, however, that under pre-*Ingram* law the court was compelled to inform a defendant of the nature of the charges against him. See part III of my dissenting opinion in *Commonwealth v. Minor*, supra at ——, 356 A.2d at 354. It is enough that the record generally demonstrates such an understanding. In the instant case, the court asked, "I take it that you are pleading guilty because you have reviewed the charges against you and the facts as you know them, and you feel you are guilty of these three burglaries?" Schork responded in the affirmative. Although it would undoubtedly have been preferable for the trial court also to have made express mention by name of the crimes of larceny and receiving stolen goods, with which the defendant was also charged, I cannot agree that the court's failure to do so renders the otherwise complete colloquy inadequate. Accordingly, I would reverse the order of the Superior Court and affirm the judgments of sentence.

EAGEN, J., joins in this dissenting opinion.