359 A.2d 785
**COMMONWEALTH of Pennsylvania**
**v.**
**John Louis HUNTER, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 3, 1976.

Decided July 6, 1976.

8

Anthony S. Federico, Harrisburg, for appellant.

Marion E. MacIntyre, Second Asst. Dist. Atty., Harrisburg, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

OPINION

PER CURIAM.

■ Appellant pled guilty to a charge of voluntary manslaughter and was sentenced to a prison term of six to twelve years. He appealed to this Court from a denial of his petition for post-conviction relief.*

■ An examination of the colloquy reveals that the trial judge failed to explain to appellant the nature and elements of the charges against him. Because this failure rendered the plea legally involuntary, we reverse ap-

* This appeal was not preceded by the filing of a petition in the trial court for withdrawal of the guilty plea, which is the proper method for challenging a plea of guilty. *Commonwealth v. Lee,* 460 Pa. 324, 327 n., 333 A.2d 749, 750 n. (1975); *Commonwealth v. Zakrzewski,* 460 Pa. 528, 327 n. 1, 333 A.2d 898, 900 n. 1 (1975); *Commonwealth v. Starr,* 450 Pa. 485, 488, 301 A.2d 592, 594 (1973).

Since, however, the adequacy of the colloquy can be decided on the record before us, we will consider the merits of the appeal. *Commonwealth v. Lee, supra,* at 327, 333 A.2d at 750 n. *See also Commonwealth v. Minor,* 467 Pa. 230, 356 A.2d 346 (1976) (dissenting opinion n. 1).

pellant's judgment of sentence. *Commonwealth v. Minor*, 467 Pa. 230, 356 A.2d 346 (1976); *Commonwealth v. Schork*, 467 Pa. 248, 356 A.2d 355 (1976); *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974).

Reversed and remanded for a new trial.

POMEROY, J., filed a dissenting opinion.

JONES, C. J., and EAGEN, J., dissent.

POMEROY, Justice (dissenting).

Appellant's challenge to the validity of his plea of guilty to voluntary manslaughter, as set forth in the brief of his counsel, is directed solely to the adequacy of the assistance he received from trial counsel. The sufficiency of the colloquy which preceded appellant's guilty plea is thus not properly before this Court, and the Court errs in granting appellant relief on the ground that the colloquy does not meet the standards set forth in *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974). See *Phillips Home Furnishing, Inc. v. Continental Bank*, 467 Pa. 43, 354 A.2d 542 (1976); *Wiegand v. Wiegand*, 461 Pa. 482, 337 A.2d 256 (1975).

Moreover, even if appellant's brief is to be read as raising non-compliance with *Ingram* as an issue in this appeal, it is my view that he should not prevail. For the reasons set forth in my dissenting opinion in *Commonwealth v. Minor*, 467 Pa. 230, 240–241, 356 A.2d 346, 351 (1975), I believe that the *Ingram* standards should not be applied retroactively to invalidate guilty pleas, such as the one in the instant case, which were entered before *Ingram* was decided.

The trial court found appellant's attack on his counsel's performance in connection with the entry of the plea of guilty, as set forth in the petition for post-conviction relief, to be "utterly without merit". I find this appeal to be in the same category. Hence my dissent from the grant of a new trial.