384 A.2d 1330

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Wallace MENOSKY, a/k/a Walter Menosky, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 16, 1977.

Decided April 13, 1978.

James R. Fitzgerald, Pittsburgh, for appellant.

D. Carroll, Pittsburgh, with him Robert E. Colville, District Attorney, Pittsburgh, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

Appellant, Walter Menosky, stands convicted of two counts of theft by receiving stolen property.[1] It was alleged that Menosky had accepted delivery of thirty-two radial

---

[1]. Receiving stolen property is a violation of the Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 3925 (1973).

tires valued at $1,750.00, property which had been stolen from the McKean Oldsmobile Company in Pittsburgh, Pennsylvania. Menosky was said to have purchased the tires from the two men who were responsible for the theft.

Menosky was brought before the court on December 15, 1976. Following a colloquy conducted by the trial judge, Menosky pleaded guilty to both counts. Subsequently, on February 28, 1977, after the trial judge had an opportunity to evaluate the pre-sentence investigation report, Menosky was sentenced to serve six to twenty-three months in prison. Seven days after sentencing, on March 7, 1977, Menosky filed petitions with the lower court for a reconsideration of sentence and a new trial, which the court treated as a petition to withdraw the plea. Following denial of the petition on April 22, 1977, Menosky appealed to this court.

Appellant brings two issues before the court. First he argues that his petition to withdraw his guilty plea was timely, though it had not been filed until after sentencing. Second, on the merits appellant argues that his guilty plea was invalid because the colloquy which preceded it was inadequate. Specifically, appellant points to the transcript of the colloquy which establishes that the trial judge, who led the colloquy, neglected to mention the possible range of sentences and the presumption of innocence.

On the question of the timeliness of appellant's petition to withdraw, in his opinion the trial judge quoted Pa.R.Crim.P., Rule 320, which provides:

"At any time before sentence, the court may, in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted."

By negative implication the trial judge concluded that under the above-cited rule, a plea of guilty ordinarily may not be withdrawn after sentence. The lower court, however, admitted that there is an exception to the general rule which allows an accused to withdraw his guilty plea after sentencing when he can show that prejudice on the order of manifest injustice will result if his request to withdraw his plea is denied. In support of this proposition, the trial judge

cited *Commonwealth v. Starr,* 450 Pa. 485, 301 A.2d 592 (1973), which employed such a standard.[2] The trial court then pointed to Menosky's admission that he purchased the tires and that he had a prior criminal record for burglary and assault and battery. Furthermore, the court said that the sentence which Menosky was given was "a very lenient one, in view of the gravity of the offense and his previous criminal record." Applying the rule of law which it had derived from *Starr,* the lower court concluded that Menosky would not suffer a manifest injustice if he were not permitted to withdraw his plea. Regardless of whether the "manifest injustice" standard was violated, however, we agree with appellant that his petition to withdraw his plea should have been granted.

Prior to our decision in *Commonwealth v. Roberts,* 237 Pa.Super. 336, 352 A.2d 140 (1975) and the Supreme Court's decision in *Commonwealth v. Lee,* 460 Pa. 324, 327, 333 A.2d 749 (1975), petitions to withdraw guilty pleas based upon inadequate colloquies under Pa.R.Crim.P., Rule 319, were rare. Ordinarily, an aggrieved defendant would file a direct appeal in which he challenged the adequacy of the colloquy for the first time. See, e. g., *Commonwealth v. Minor,* 467 Pa. 230, 356 A.2d 346 (1976); *Commonwealth v. Nelson,* 455 Pa. 461, 317 A.2d 228 (1974); *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974). In *Roberts* we determined that the more expeditious procedure for handling such challenges was to file a petition to withdraw in the trial court before taking an appeal. In that way, certainly the obviously deficient colloquies would be promptly invalidated, leading to an earlier, more economical disposition of those cases. *Roberts,* however, should not be read to require that such petitions be filed only prior to sentencing, for *Roberts* solely meant to supplement the prior practice of challenging guilty plea colloquies for the first time on appeal by adding a pre-appeal, screening device. In cases which were pending on appeal when *Roberts* was decided, where

2. The court also used *Starr* to support its conclusion that appellant's petition was untimely.

no petitions to withdraw were filed at any time, we remanded for the filing of such petitions, thereby indicating that we have not construed *Commonwealth v. Starr,* supra, or Rule 320 as requiring such petitions prior to sentencing. See, e. g., *Commonwealth v. Santiago,* 240 Pa.Super. 63, 361 A.2d 723 (1976); *Commonwealth v. Riley,* 239 Pa.Super. 488, 361 A.2d 423 (1976). Indeed, the Supreme Court has indicated further that the trial court's failure to inform the defendant of his obligation to file a petition to withdraw before attacking a plea on appeal will vitiate any waiver which might otherwise occur under *Roberts.* See *Commonwealth v. McCusker,* 245 Pa.Super. 402, 369 A.2d 465 (1976) rev'd (Pa.1977). From these cases it should be apparent that the appellate courts have not, by case law or rule, established as a prerequisite for appeal a *pre-sentence* challenge to the validity of a guilty plea colloquy.

*Roberts* did create a related waiver problem, however. If a petition to withdraw a guilty plea were not treated, at least, as tolling the statutory limitation on the time permitted for taking an appeal, the period of time required for the court below to consider such a petition could result in the expiration of the appeal period before an appeal from the judgment of sentence could be filed.[3] Appellate Court Jurisdiction Act of 1970, 17 P.S. § 211.502 (Supp.1977). To obviate this potential problem the Supreme Court recently adopted Pa.R.Crim.P., Rule 321, which provides, in pertinent part:

> "(a) A motion challenging the validity of a guilty plea, the legality of a sentence on a guilty plea or the denial of a motion to withdraw a guilty plea shall be in writing and shall be filed with the trial court within ten (10) days after imposition of sentence."

**3.** This is, in fact, what occurred in the instant case; however the Commonwealth has not raised the question of the timeliness of this appeal by motion to quash or otherwise. See Appellate Court Jurisdiction Act of 1970, 17 P.S. § 211.503(a) (Supp.1977). In any event, Pa.R.Crim.P., Rule 321, became effective while this appeal was pending and prior to its being argued. Hence, for the purposes of jurisdiction in this case, we will treat Rule 321 as though it had been in effect at all relevant times.

The *Comment* to Rule 321 provides that, with respect to issues which may be raised by such post-sentencing petitions, the time allowed for appeal commences upon the date when the petition is decided by the hearing court. See also Pa.R.A.P., Rule 343. The *Comment* also distinguishes practice under Pa.R.Crim.P., Rule 320, fortifying our conclusion that Rule 320 operates when the court may, rather than *must,* permit the defendant to withdraw the guilty plea.[4]

Obviously, if Rule 321 had been in effect when appellant filed his petition to withdraw on March 7, 1977, the court's error in holding the challenge to be waived would be patent. Rule 321, unfortunately, was not adopted until June 29, 1977 and was not to be effective until September 1, 1977. Nevertheless, since Rule 321 did not alter prior practice in a fashion adverse to appellant's interests as, indeed, his counsel was astute enough to anticipate the need for the adoption of such a rule by timely filing his petition, we find it additionally persuasive that appellant did not waive his right to challenge his guilty plea by filing a petition to withdraw seven days after his sentencing.

Because the court resolved the questions raised in this appeal by employing a waiver analysis, we might remand for a further hearing on the merits of the petition. See *Commonwealth v. Roberts,* supra. However, under the rubric of the ABA's "manifest injustice" standard adopted in *Commonwealth v. Starr,* supra, the hearing court went on to consider the merits of appellant's petition. In its analysis the court virtually conceded, as we think it must, the previously cited deficiencies in appellant's guilty plea colloquy. Compare *Commonwealth v. Sutton,* 465 Pa. 335, 340, 350 A.2d 793 (1976) (Concurring Opinion by Pomeroy, J.). It, therefore, would serve no useful purpose in remanding this case for another hearing as the outcome of such a hearing

4. In the instant case, as previously mentioned, the court below relied upon this rule as well as *Commonwealth v. Starr,* supra, in finding a waiver of appellant's right to withdraw his plea. It should be noted, therefore, that Rule 320 assumes a valid guilty plea colloquy by granting the court discretion in allowing the plea to be withdrawn. Cf. *State v. Battle,* 170 Conn. 469, 365 A.2d 1100, 1104 (1976).

260

has, in effect, already been determined. Hence, we shall reverse the judgment of sentence, vacate appellant's guilty plea, and remand for further proceedings consistent with this opinion. *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974); Pa.R.Crim.P., Rule 319.

It is so ordered.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

PRICE, J., notes his dissent.