394 A.2d 988

**COMMONWEALTH of Pennsylvania**

v.

**Robert CASTNER, Appellant.**

Superior Court of Pennsylvania.

Submitted April 11, 1977.

Decided Nov. 17, 1978.

400

John P. Liekar, Assistant Public Defender, Canonsburg, for appellant.

George E. Anthou, District Attorney, Canonsburg, for Com., appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

On March 16, 1976, appellant pleaded guilty to charges of robbery,[1] theft[2] and recklessly endangering another person.[3]

1. 18 Pa.C.S. § 3701.

2. 18 Pa.C.S. § 3921.

3. 18 Pa.C.S. § 2705.

Following sentencing, appellant filed a direct appeal to this court challenging the plea as not knowingly, intelligently or voluntarily entered.

Appellant entered his plea several months after this court's decision in *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140 (1975). Appellant failed, however, to comport with the *Roberts* requirement that prior to attacking a guilty plea on appeal, one must petition the lower court for permission to withdraw the plea. Appellant has asserted no valid explanation for his failure to comply with *Roberts*; the plea's validity is thus waived. *Commonwealth v. Hughes*, 257 Pa.Super. 258, 390 A.2d 811 (1978); *Commonwealth v. Heeman*, 260 Pa.Super. 79, 393 A.2d 1021 (1978).

Judgment of sentence affirmed.

SPAETH, J., files a dissenting opinion.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, dissenting:

I dissent. The record does not indicate that appellant was apprised by his counsel or the lower court of his right to petition to withdraw his guilty plea, of his right to assistance of counsel in filing such a petition, and of the consequences of not filing a petition. Consequently, we cannot treat appellant's failure to file a petition in the lower court as a voluntary and knowing waiver of his right to attack his guilty plea. *Commonwealth v. McCusker*, 245 Pa.Super. 402, 404, 369 A.2d 465, 466 (1976) (Spaeth, J., dissenting), *allocatur allowed and case remanded per curiam*, 245 Pa.Super. xlii (Sept. 21, 1977); *Commonwealth v. Johnson*, 258 Pa.Super. 214, 392 A.2d 760 (1978); *Commonwealth v. Marzik*, 255 Pa.Super. 500, 388 A.2d 340 (1978). I would remand to allow the appellant to file the proper post-plea motions.