394 A.2d 488

**COMMONWEALTH of Pennsylvania**

v.

**Theodore DOWLING, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 16, 1978.

Decided Nov. 18, 1978.

Richard D. Atkins, Philadelphia, for appellant.

Edward G. Rendell, Dist. Atty., Steven H. Goldblatt, Dep. Dist. Atty. for Law, Robert B. Lawler, Chief, Appeals Div., James Garrett, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

OPINION

POMEROY, Justice.

Appellant, Theodore Dowling, was arrested on February 24, 1975 and charged with criminal homicide and conspiracy in the beating death of one Virgil Free. Appellant retained counsel and, on August 22, 1975, entered a plea of guilty on both counts in return for the Commonwealth's certification that the killing did not rise above murder of the third degree. Following a colloquy conducted by the trial judge, the plea was accepted. A degree of guilt hearing resulted in a finding that the killing was in fact murder of the third degree. Although the district attorney recommended that the sentence not exceed a term of imprisonment of five to fifteen years, the trial court imposed concurrent prison sentences of three to twenty years on the murder charge and three to ten years on the conspiracy count. This appeal followed.[1] Dowling points to several imperfections in the plea colloquy[2] which, he argues, render the plea invalid. We hold that these assignments of error have been waived; the judgments of sentence will be affirmed.

Our cases have iterated and reiterated that the proper procedure by which to attack a guilty plea is to file in the trial court which accepted the plea a petition to withdraw it. *See, e. g., Commonwealth v. Hunter*, 468 Pa. 7, 359 A.2d 785

1. Jurisdiction of this Court over the murder conviction is invoked under Section 202(1) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223, Art. II, § 202(1), 17 P.S. § 211.202(1), since superseded by Section 722(1) of the Judicial Code, 42 Pa.C.S. § 722(1) (effective June 27, 1978). Upon petition of the defendant, we allowed an appeal to this Court from the related conspiracy conviction and consolidated it with the murder conviction appeal.

2. *See, e. g., Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974). Specifically, Dowling alleges that the colloquy reveals that the trial judge, prior to accepting the guilty plea, failed adequately to explain or relate to appellant (1) his Fifth Amendment rights; (2) the right of a defendant at trial to present witnesses on one's own behalf; (3) the meaning of "reasonable doubt"; (4) the nature of the offenses charged; (5) the factual basis for the charge; and (6) the permissible range of penalties for the offenses charged.

(1976); *Commonwealth v. Lee*, 460 Pa. 324, 333 A.2d 749 (1975); *Commonwealth v. Zakrzewski*, 460 Pa. 528, 333 A.2d 898 (1975); *Commonwealth v. Starr*, 450 Pa. 485, 301 A.2d 592 (1973); *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140 (1975). See also *Commonwealth v. Beatty*, 474 Pa. 104, 376 A.2d 994 (1977); *Commonwealth v. Rodgers*, 465 Pa. 379, 384, 350 A.2d 815 (1976) (concurring opinion of Pomeroy, J. joined by Manderino, J.); ABA Project on Standards for Criminal Justice, Standards Relating to Pleas of Guilty, § 2.1 (Approved Draft, 1968).[3] It is true that at times in the past, this Court has considered challenges to the validity of a guilty plea despite the absence of any attempt to obtain relief in the trial court. *See, e. g., Commonwealth v. Holmes*, 468 Pa. 409, 364 A.2d 259 (1976); *Commonwealth v. Ramos*, 468 Pa. 404, 364 A.2d 257 (1976); *Commonwealth v. Hunter, supra; Commonwealth v. Schork*, 467 Pa. 248, 356 A.2d 355 (1976); *Commonwealth v. Minor*, 467 Pa. 230, 356 A.2d 346 (1976); *Commonwealth v. Dilbeck*, 466 Pa. 543, 353 A.2d 824 (1976). Those cases, however, were in a period preceding our decision in *Commonwealth v. Lee, supra,* when there was some confusion as to the proper forum to entertain such a claim. See *Commonwealth v. Beatty, supra,* 474 Pa. at 111, 376 A.2d 994 (concurring opinion of Roberts, J.); *Commonwealth v. Rodgers, supra,* 465 Pa. at 384, 350 A.2d 815 (concurring opinion of Pomeroy, J. joined by Manderino, J.); *Commonwealth v. Lee, supra.* In those cases, moreover, the asserted errors were capable of resolution on the basis of the record on appeal. *See, e. g., Commonwealth v. Hunter,*

---

**3.** This procedure has now been implemented in rule form by means of Pa.R.Crim.P. 321, effective as of September 1, 1977, as follows:

"Rule 321. Challenge to Guilty Plea or Legality of Sentence on Guilty Plea

"(a) A motion challenging the validity of a guilty plea, the legality of a sentence on a guilty plea or the denial of a motion to withdraw a guilty plea shall be in writing and shall be filed with the trial court within ten (10) days after imposition of sentence.

"(b) The motion shall be disposed of promptly.

"(c) The trial court may schedule a hearing on the motion and shall determine whether the motion shall be argued before one judge alone or before a panel of judges sitting as a court en banc. Whenever a single judge hears the motion alone, the judge may make any ruling that could be made by a court en banc."

*supra; Commonwealth v. Rodgers, supra* (concurring opinion of Pomeroy, J. joined by Manderino, J.); *Commonwealth v. Lee, supra.* Thus those decisions could be justified in terms of judicial economy and fairness despite the procedural irregularities. The decision in *Commonwealth v. Lee*, however, removed any doubt that the trial court was the proper tribunal, in the first instance, to resolve allegations of error concerning the validity of the guilty plea and that such matters should not be raised for the first time on appeal.

In the case at bar, Dowling's plea was entered five months subsequent to the date of the *Lee* decision and the appeal was filed some nine months after that decision. Appellant was therefore on notice that allegations concerning deficiencies in the plea procedure would not be considered if raised for the first time on appeal. See *Commonwealth v. Beatty, supra.*[4]

Judgments of sentence affirmed.

NIX, J., files a dissenting opinion in which EAGEN, C. J., joins.

NIX, Justice, dissenting.

I disagree with the majority's conclusion that because appellant did not petition the lower court to withdraw his guilty plea, the adequacy of the guilty plea colloquy is an issue which has not been preserved for our review. I therefore dissent.

I do not share the majority view that this Court's decision in *Commonwealth v. Lee*, 460 Pa. 324, 333 A.2d 749 (1975) removed all doubt that challenges to guilty plea colloquies would be considered waived on appeal if an appellant had not petitioned the lower court to withdraw the plea. The

4. Although it involved the proper procedure whereby to attack an allegedly invalid plea, *Commonwealth v. Beatty* was primarily concerned with the concept of waiver in the context of a post-conviction petition. Nevertheless, the opinions in that case indicate that a majority of the Court considered any post-*Lee* challenge to the validity of a guilty plea waived if not raised initially in the court of common pleas. See 474 Pa. at 108–09, 376 A.2d 994 (opinion of the Court by Pomeroy, J.); *ibid.* at 111–12, 376 A.2d 994 (concurring opinion of Roberts, J.).

footnote in *Lee* upon which the majority relies conceded that the law was unclear as to the proper procedural method to be used for raising and preserving such challenges. *Id.* at 327n.*, 333 A.2d at 750n.*. That same footnote also conveyed at least the implicit suggestion that a "definitive procedural rule" might be necessary and forthcoming in order to clarify this point of practice. *Id.* In fact, that is precisely how this Court ultimately resolved the uncertainty. *See* Pa.R.Crim.P. 321 (effective September 1, 1977). Far from clarifying the law on this point, the *Lee* footnote clouded the area by suggesting that a challenge to the sufficiency of the colloquy, which could be resolved by resort to the Record, would be considered by this Court even in the absence of a petition to withdraw. *See Commonwealth v. Lee, supra.* In light of the murky state of the law existing at the time appellant entered his plea, I cannot conclude that counsel should have been on notice that a petition to withdraw the plea was a procedural prerequisite to a challenge of the plea's validity on appeal. In my judgment, appellant's contentions should have been considered on the merits.

EAGEN, C. J., joins this dissenting opinion.