399 A.2d 723

**COMMONWEALTH of Pennsylvania**

**v.**

**Joseph R. PHILLIPS, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 23, 1978.

Decided March 9, 1979.

F. Cortez Bell, Jr., Clearfield, for appellant.

Thomas Morgan, District Attorney, and with him, Barbara H. Schickling, Assistant District Attorney, Clearfield, for Commonwealth, appellee.

Before VAN der VOORT, SPAETH and MONTGOMERY, JJ.

MONTGOMERY, Judge:

On April 25, 1976, appellant along with four other prisoners escaped from the Clearfield County Jail. He was reapprehended two days later while driving a car which had been reported stolen. Present counsel was appointed, and after a preliminary hearing, appellant was held on the charges of Escape,[1] Kidnapping[2] and Theft.[3] Pursuant to a plea bargain agreement, appellant pled guilty to all three charges on September 22, 1976. Following a guilty plea colloquy, appellant was sentenced to a minimum term of 4 years, a maximum of 8, on the Escape and Kidnapping charges, and a concurrent sentence of 3½ to 7 on the Theft conviction. No post-verdict motions were filed. Appellant is appealing the sentence imposed on the escape and kidnapping convictions.

Appellant now alleges the following: (1) That the failure of the sentencing Court to obtain a pre-sentence investigation deprived him of his right to have the court consider his circumstances and rehabilitation needs in its determination of minimum sentence; (2) The pre-plea colloquy did not

1. The Crimes Codes, Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S.A. § 5121, eff. June 6, 1973.

2. Ibid; 18 Pa.C.S.A. § 2901.

3. Ibid; 18 Pa.C.S.A. § 3921.

develop sufficient factual basis of the crimes charged for a determination as to whether the plea should be accepted; and (3) The pre-trial colloquy did not develop sufficient factual information of the circumstances of the offenses to form a basis for determining a minimum sentence.

By challenging the sufficiency of the pre-plea colloquy, appellant is in effect challenging the validity of his guilty plea. Since the plea and sentence in this case occurred subsequent to *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140 (1975), appellant must first file a petition to withdraw his plea in the court below before challenging it on direct appeal. However, we are precluded from finding waiver in this case because an independent examination of the record, as mandated by *Commonwealth v. Johnson*, 258 Pa.Super. 214, 392 A.2d 760 (1978), reveals that it is completely devoid of any affirmative proof that appellant had been apprised by the lower court, or his counsel, of the right to petition to withdraw his guilty plea, of the right to assistance of counsel in filing such a petition, and *of the consequences of not* filing such a petition. Also see *Commonwealth v. McCusker*, 245 Pa.Super. 402, 369 A.2d 465 (1976), rev'd, 485 Pa. 313 (1977) and *Commonwealth v. Marzik*, 255 Pa.Super. 500, 388 A.2d 340 (1978). Therefore this case must be remanded to allow appellant to petition to withdraw his guilty plea nunc pro tunc.

Also, in remanding we vacate the judgments of sentence because the lower court imposed a collective sentence of four to eight years on the Escape and Kidnapping charges. Since this sentence is excessive for the Escape charge [4] alone, the appellant must be resentenced with the court imposing separate terms for the escape and kidnapping convictions.

The judgment of sentence is vacated and the record is remanded to allow the appellant an opportunity to petition

4. The Escape charge in this case is a felony of the third degree, the maximum term of imprisonment for which is seven years.

to withdraw his guilty plea if he so desires, and also for the purpose of resentencing in compliance with this opinion.

VAN der VOORT, J., dissents.