405 A.2d 925

**COMMONWEALTH of Pennsylvania**

v.

**Terry FELDER, Appellant.**

Superior Court of Pennsylvania.

Submitted May 7, 1979.

Decided June 1, 1979.

William J. Mazzola, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Div., Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and ROBERTS and LIPEZ, JJ.*

PER CURIAM:

Appellant, Terry Felder, was indicted on charges of murder, voluntary and involuntary manslaughter and possession of an instrument of crime for stabbing his brother to death. During a motion to suppress on December 29, 1976, appellant, with counsel, entered a plea agreement by which he agreed to plead guilty to the charges of voluntary manslaughter and possession of an instrument of crime and the district attorney recommended a sentence of imprisonment of 11½ to 23 months on the charge of voluntary manslaughter followed by a period of probation of not more than five years on the charge of possession of an instrument of crime. The trial court, after a colloquy in which it impressed upon appellant that it was not bound by the recommended sen-

* Justice Samuel J. Roberts of The Supreme Court of Pennsylvania and Judge Abraham H. Lipez of the Court of Common Pleas, Clinton County, Pennsylvania, are sitting by designation.

tence,[1] accepted the plea. On March 30, 1977, the court imposed a sentence of imprisonment of 18 months to 10 years on the charge of voluntary manslaughter and a concurrent term of one to two years on the weapons charge.

Appellant argues that the trial court, before imposing a sentence other than that recommended by the district attorney, should have permitted him to withdraw his plea. This issue has not been preserved for appellate review. The proper time to file a motion to withdraw his plea, once he learned of the modified sentence, was at sentencing or immediately thereafter. *Commonwealth v. Starr*, 450 Pa. 485, 301 A.2d 592 (1973); accord, Pa.Crim.P. 321 (effective September 1, 1977) (motion challenging validity of guilty plea must be filed within 10 days of imposition of sentence). Appellant has asserted his right to withdraw the guilty plea only on this appeal, thus depriving the trial court of an opportunity to correct any error. We therefore do not pass on the merits of this issue. *Commonwealth v. Dowling*, 482 Pa. 608, 394 A.2d 488 (1978) (reviewing cases); *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974) (issue of sentencing waived if not raised until appeal).

Judgments of sentence affirmed.

1. See ABA Project on Standards for Criminal Justice, Standards Relating to the Function of the Trial Judge § 4.1(c) (Approved Draft, 1972).