406 A.2d 566

**COMMONWEALTH of Pennsylvania**

v.

**William T. CARL, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1978.

Decided June 15, 1979.

---

Peter T. Campana, Williamsport, for appellant.

Gailey C. Keller, District Attorney, Bloomsburg, for Commonwealth, appellee.

Before PRICE, SPAETH and WATKINS, JJ.

SPAETH, Judge:

Appellant pleaded guilty to one count of indecent assault [1] and was sentenced to 9 to 23 months in prison. On this appeal appellant argues that his guilty plea was not intelligent and voluntary, and that the colloquy conducted by the lower court was defective.

The plea was entered on January 4, 1978. On March 28, appellant filed a petition to withdraw the plea, claiming that it had been entered as a result of undue pressure by the Commonwealth, and that he did not have the resources necessary to present an adequate defense. A hearing was held on this petition and it was denied on March 31. Sentence was imposed on April 7, [2] and the present appeal was filed on May 4, 1978. Appellant did not file a petition to withdraw his guilty plea after sentencing.

Normally a defendant's failure to file a petition to withdraw his guilty plea within ten days after sentencing constitutes a waiver of an appellate challenge to the plea. *See Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140 (1975); Pa.R.Crim.Pro., Rule 321 (Comment). In this case, however, the record indicates, and the lower court admits, that it failed to inform appellant of his right to petition to withdraw his guilty plea, of his right to assistance of counsel in filing such a petition, and of the consequences of not filing such a petition. Given this failure we cannot find that appellant's claims with respect to his plea have been waived. *See Commonwealth v. Phillips*, 264 Pa. Super. 174, 399 A.2d 723 (1979); *Commonwealth v. Johnson*, 258 Pa.Super. 214, 392 A.2d 760 (1978); *Commonwealth v. Marzik*, 255 Pa.Super. 500, 388 A.2d 340 (1978).

The Commonwealth argues, and the lower court held, however, that since a petition to withdraw the plea was filed on March 28, before sentencing, and since that petition did

1. 18 Pa.C.S. § 3126.

2. Appellant petitioned the lower court to reconsider its denial of his petition to withdraw, but voluntarily withdrew his petition for reconsideration at the sentencing hearing on April 7.

not raise any argument with respect to the adequacy of the colloquy, any such argument is waived and could not have been made in a post sentence petition to withdraw the guilty plea. We do not find this argument persuasive on the issue of waiver. A defendant *may* petition to withdraw his guilty plea before sentence has been imposed, under Rule 320 of the Pennsylvania Rules of Criminal Procedure. In order to preserve an appellate claim against a plea, however, the defendant *must* petition to withdraw his guilty plea within ten days after sentence has been imposed, under Rule 321(a). Thus it is the defendant's petition under Rule 321 that is crucial to determining waiver. Filing a petition under Rule 320 alone will not preserve an issue for appeal. Indeed, the Comment to Rule 320 specifically states that "[a] denial of a motion to withdraw a guilty plea under this rule may not be appealed until such denial has first been challenged pursuant to Rule 321." Pa.R.Crim.Pro., Rule 320 (Comment). Nor would failure to file a petition under Rule 320 prior to filing a petition under Rule 321 act as a waiver of the right to file a petition under Rule 321. *Commonwealth v. Marzik, supra,* 255 Pa.Super. at 504 n. 3, 388 A.2d at 342 n. 3 (SPAETH, J., concurring); *see also Commonwealth v. Menosky,* 253 Pa.Super. 254, 384 A.2d 1330 (1978) (discussing differences between Rules 320 and 321). Accordingly, the fact that appellant did file a petition under Rule 320 does not mean that he waived the right to file a more complete petition under Rule 321, raising different and additional arguments. Since appellant's petition under Rule 320 did not constitute a waiver of his rights under Rule 321, and since his failure to file a petition under Rule 321 was caused by the lower court's failure to advise him of his right to so petition and of the necessity of doing so, appellant's claims with respect to his plea are not waived.[3] *See Commonwealth v. Phillips, supra.*

**3.** The Commonwealth's argument that by withdrawing his petition for reconsideration on April 7, appellant waived his rights under Rule 321 is also without merit. Just as the petition under Rule 320 did not affect appellant's right to petition under Rule 321, so too the with-

▉

In most cases where the defendant's failure to file a timely petition to withdraw a guilty plea can be traced to the lower court's failure to advise him of his right to do so, we remand to permit the defendant to file the petition to withdraw his guilty plea *nunc pro tunc*. *See Commonwealth v. Phillips, supra*. By so doing we afford the lower court the opportunity to review the merits of the challenge to the plea and to correct any errors itself. *See Commonwealth v. Johnson, supra*. In this case, however, the lower court has already reviewed appellant's claims with respect to his guilty plea, discussed them in its opinion filed pursuant to this appeal, and dismissed them as meritless. Thus here a remand for the filing of a petition *nunc pro tunc* would be a useless procedural exercise, which would waste both time and judicial resources. Therefore, in the interest of judicial economy we shall reach the merits of appellant's arguments.[4]

▉ It is settled that the lower court must engage in a colloquy on the record to ascertain whether a tendered plea of guilty is intelligent and voluntary, *Commonwealth v. Chumley*, 482 Pa. 626, 394 A.2d 497 (1978); *Commonwealth v. Willis*, 471 Pa. 50, 369 A.2d 1189 (1977). Inquiry into six separate areas[5] is required, and "[f]ailure to inquire into the

drawal of the petition for reconsideration at the time of sentencing did not affect appellant's right to petition under Rule 321.

4. We also see no reason to remand to permit the lower court to decide the waiver question. *See Commonwealth v. Johnson, supra*. The lower court here admitted that it had failed to give proper warnings concerning Rule 321 but still ruled against appellant on the waiver issue. The sole basis for the lower court's decision on waiver was that the filing of the Rule 320 petition that did not allege a defective colloquy limited the subject matter of any petition appellant could file under Rule 321. We have held this waiver argument to be without merit. Since the lower court has thus already ruled on the issue of waiver, there is no need for a remand to permit it to consider that issue.

5. As set forth in the Comment to Rule 319, the six areas of inquiry are as follows:
(1) Does the defendant understand the nature of the charges to which he is pleading guilty?
(2) Is there a factual basis for the plea?

defendant's understanding of these six subjects generally requires reversal." *Commonwealth v. Chumley, supra,* 482 Pa. at 634, 394 A.2d at 501. One of the six areas of inquiry is the defendant's understanding that in pleading guilty he is waiving his right to a trial by jury. *See* Pa.R.Crim.Pro., Rule 319 (Comment); *Commonwealth v. Ward,* 481 Pa. 510, 393 A.2d 21 (1978). In *Commonwealth v. Williams,* 454 Pa. 368, 312 A.2d 597 (1973), the Supreme Court held that before the trial court could accept a waiver of the right to trial by jury, the record must show that the defendant understood the essential ingredients of that right. "These essential ingredients, basic to the concept of a jury trial, are the requirements that the jury be chosen from members of the community . . . , that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel." *Id.,* 454 Pa. at 373, 312 A.2d at 600. In *Commonwealth v. Ward, supra,* the Supreme Court held a guilty plea colloquy inadequate where the lower court in accepting the guilty plea failed to inform the defendant that the jury's verdict would have to be unanimous. *See Commonwealth v. Washer,* 253 Pa.Super. 209, 384 A.2d 1305 (1978).

In this case the entire colloquy with respect to the right to trial by jury was as follows:

Q   You also know that by entering that plea of guilty you are giving up your right to a Jury Trial?

A   Yes, sir.

Q   Do you know what a Jury Trial is?

A   Yes, sir.

(3) Does the defendant understand that he has the right to trial by jury?
(4) Does the defendant understand that he is presumed innocent until he is found guilty?
(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?
Pa.R.Crim.Pro., Rule 319 (Comment)

Q  Do you realize that you are presumed to be innocent until you are proven guilty beyond a reasonable doubt?

A  Yes, sir.

Q  Do you also realize that you have the right to participate in the conduct of the Jury Trial?

A  Yes, sir.

N.T. at 6a.

The lower court thus failed to inform appellant either that the jury would be chosen from members of the community or that the jury's verdict would have to be unanimous. The court had a duty to so inform appellant; the fact that appellant was a policeman was not a basis upon which the lower court could properly assume that he understood all of the elements of a trial by jury.[6]

Reversed and remanded for trial.

PRICE, J., files a concurring opinion.

WATKINS, J., dissents.

PRICE, Judge, concurring:

I concur in the result solely in the interest of judicial economy. *Commonwealth v. Johnson*, 258 Pa.Super. 214, 392 A.2d 760 (1978); *Commonwealth v. Turner*, 255 Pa.Super. 506, 388 A.2d 343 (1978); *Commonwealth v. Marzik*, 255 Pa.Super. 500, 388 A.2d 340 (1978); are a mere sampling of the cases which have provided this court en banc with the opportunity to determine whether we should inquire, *sua sponte*, into the adequacy of the lower court's instructions to the defendant on the proper procedure for withdrawal of a plea.  Rather than clarifying the law on the issue, most of the cases resulted in affirmance by an evenly divided court.

*Commonwealth v. Castner*, 260 Pa.Super. 399, 394 A.2d 988 (1978); and *Commonwealth v. Heeman*, 260 Pa.Super. 79, 393 A.2d 1021 (1978), two of the most recent en banc

6. Appellant also argues that the colloquy was deficient in that the lower court did not inquire into the factual basis for the plea and did not adequately explain the elements of the offense.  We do not need to reach those arguments.

decisions on this issue, appeared to settle the matter. Those cases held that failure to comply with *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140 (1978), when not validly explained by an appellant, resulted in automatic waiver of the plea's validity; no *sua sponte* review of the court's instructions would be conducted at the appellate level.

*Commonwealth v. Phillips*, 264 Pa.Super. 174, 399 A.2d 723 (1979), is a panel case in which, by a 2–1 split, the panel decided this crucial issue, which for so long divided the court en banc, contrary to the full court's most recent pronouncements in *Castner* and *Heeman*. I cannot accept their rationale.

Be that as it may, in this appeal and under the procedural posture here presented, I have no difficulty finding that all aspects of the problem have been properly brought directly to the attention of the court below. This is truly the test that must be applied when considering application of a waiver doctrine. Under the circumstances here, I cannot in conscience apply waiver although I do not retreat from my previously expressed opinions in this regard.

I join in the reversal and remand for trial.