417 A.2d 674

COMMONWEALTH of Pennsylvania

v.

**Dean R. CHACKER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 20, 1978.

Filed Dec. 21, 1979.

330

Calvin S. Drayer, Jr., Assistant Public Defender, Norristown, for appellant.

William T. Nicholas, District Attorney, Norristown, for Commonwealth, appellee.

PER CURIAM:

The six judges who heard this appeal being equally divided, the judgment of sentence is affirmed.

PRICE, J., files an Opinion in Support of Affirmance in which HESTER and VAN der VOORT, JJ., join.

CERCONE, President Judge, files an Opinion in Support of Reversal in which SPAETH and HOFFMAN, JJ., join.

JACOBS, former President Judge, did not participate in the consideration or decision of this case.

## OPINION IN SUPPORT OF AFFIRMANCE

PRICE, Judge:

On April 4, 1974, appellant pleaded guilty to four counts of burglary,[1] four counts of theft of movable property,[2] four

1. 18 Pa.C.S. § 3502.

counts of loitering,[3] and one count of rape.[4]  Four counts of theft by receiving stolen property[5] were nolle prossed by the Commonwealth as part of the plea agreement.  Sentence was deferred, and appellant was remanded to Norristown State Hospital for a complete mental health survey report.  On March 24, 1975, the court below, per order of Judge A. Benjamin Scirica, found appellant to be mentally ill and committed him to Farview State Hospital to await sentencing.  On April 17, 1975, appellant was committed, in lieu of sentence, per order of Judge Joseph H. Stanziani, to Farview State Hospital for a period of fifty-six to one hundred and twelve years.  This sentence was later revised on April 30, 1975, to fifty-five and one-half to one hundred and eleven years.  Appellant was also sentenced to serve a twenty month parole violation with the above disposition.

The court below was notified in January 1977, by the Assistant Superintendent of Farview, that appellant had received the maximum benefit from his hospitalization at Farview, and the Assistant Superintendent recommended that appellant be returned to court for further disposition.[6]  After the court below received two pre-sentence investigation reports, a report[7] prepared by the Farview staff and a

2.  18 Pa.C.S. § 3921(a)

3.  18 Pa.C.S. § 5506.

4.  18 Pa.C.S. § 3121.

5.  18 Pa.C.S. § 3925.

6.  This was the second time that the Assistant Superintendent had advised the court below that appellant could receive no further benefit from his treatment at Farview.  The first occurred in June 1976.  In response to that prior notification, the court below conducted a hearing on July 16, 1976, and concluded that appellant should be returned to Farview.

7.  The report prepared by the Farview staff characterized appellant as hostile and prone to engage in manipulative and self-serving behavior directed toward the disposition of his case by the court.  It also noted that there had been little change in appellant's personality as a result of his stay at Farview.

report of a psychological examination [8] of appellant performed at Farview, it sentenced appellant to a term of imprisonment totalling from fifty-five and one-half to one hundred and eleven years, with credit for the time spent at Farview in lieu of sentence.[9] It is from this judgment of sentence that appellant appeals.

On appeal, appellant contends that his guilty plea was not knowingly and voluntarily made because the court below, in its colloquy, failed to: enumerate the nature and factual basis of the charges against him; adequately inform him of the right to trial by jury; advise him of the presumption of innocence; and ascertain on the record whether appellant was aware of a plea bargain and the effects of such a bargain. Appellant also contends that the sentence imposed on February 25, 1977, was excessive both because the court failed to consider the merger of theft of movable property, a lesser included offense, into burglary, and because it failed to consider mitigating circumstances when sentencing him.

We would hold that appellant's assignments of error with respect to the guilty plea have been waived. Numerous cases from this court and our supreme court have iterated and reiterated that the proper procedure by which to attack a guilty plea is to file in the trial court which accepted the plea a petition to withdraw it. *Commonwealth v. Dowling*, 482 Pa. 608, 394 A.2d 488 (1978); *Commonwealth v. Hunter*, 468 Pa. 7, 359 A.2d 785 (1976); *Commonwealth v. Lee*, 460 Pa. 324, 333 A.2d 749 (1975); *Commonwealth v. Starr*, 450 Pa. 485, 301 A.2d 592 (1973); *Commonwealth v.*

8. The psychological report classified appellant as likely to compulsively control and intellectualize his aggressive and impulsive behaviors. It further noted that he was neither psychotic nor possessed of a disturbed personality, and that his behavior demonstrated a lack of conformity to rules and discipline.

9. Specifically, appellant was sentenced to the following terms of imprisonment: six months to one year on the first count of theft of movable property, and one to two years each on the other three counts of theft of movable property; six months to a year on each of the four counts of loitering; and ten to twenty years each on the four burglary counts and the one rape count. All sentences were to run consecutively.

*Roberts*, 237 Pa.Super. 336, 352 A.2d 140 (1975). In the case at bar, although appellant's guilty plea was entered pre-*Roberts*, judgment of sentence was not imposed until long after *Roberts*. Appellant, instead of petitioning the court below to withdraw his plea, chose instead to appeal directly to this court, and on appeal asserts no valid explanation for his failure to comply with *Roberts*. Under these circumstances, we would find the assignments of error regarding the guilty plea waived. *See Commonwealth v. Castner*, 260 Pa.Super. 399, 394 A.2d 988 (1978).

Appellant also contends that the sentence imposed was excessive since the court failed to consider the merger of the lesser included offense of theft of movable property into burglary, and failed to consider mitigating circumstances when sentencing. We are constrained to agree that the lower court erroneously sentenced him on the four counts of theft of movable property.[10] Accordingly, we vacate the judgment of sentence as to the counts of theft of movable property.

■ The Crimes Code provides that, "[a] person may not be convicted both for burglary and for the offense which it was his intent to commit after the burglarious entry or for an attempt to commit that offense, unless the additional offense constitutes a felony of the first or second degree." 18 Pa.C.S. § 3502(d). The theft counts in the instant case resulted from appellant's burglarious entries, and since theft of movable property is not a felony of the first or second degree,[11] the court erroneously sentenced him on those counts. The judgment of sentence on the theft counts is therefore vacated. *See Commonwealth v. Simmons*, 233 Pa.Super. 547, 336 A.2d 624 (1975).

**10.** The Commonwealth concedes this point in its brief. (Appellee's brief at 12).

**11.** Of the four counts of theft, one involved an amount less than $50, a third degree misdemeanor, and the other three involved amounts in the $50–$200 range, second degree misdemeanors. *See* 18 Pa.C.S. § 3903.

Appellant's final contention is that the judgment of sentence was excessive because the lower court when imposing sentence failed to consider mitigating circumstances, to-wit, the court should have considered appellant's progress and his improvements in personality as indicated by the testimony of a Reverend Diehl, Chaplain at Farview State Hospital. We would find this contention to be totally lacking in merit.

The sentence imposed upon a criminal defendant must be for the minimum amount of confinement that is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant. *See* 18 Pa.C.S. § 1321(b). At least two factors are crucial to such a determination—the particular circumstances of the offense and the character of the defendant. *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976). Appellant had pleaded guilty to burglarizing four different residences and loitering in front of an additional four residences. The guilty plea as to rape involved the heinous sexual assault by appellant of a seven-year old girl. The child was forced out of her bedroom at night by appellant who threatened that he would harm her mother if the girl resisted. Appellant took the girl to a neighboring piece of property and then raped her. As a result of the rape, the child suffered severe hemorrhaging and was subsequently taken to Abington Hospital, Montgomery County, for emergency care which necessitated an operation to repair uterine lacerations. It is questionable whether the child will ever be able to conceive or bear children during her adult years.

When sentencing appellant, the court below had the benefit to two pre-sentence investigation reports, and the psychiatric analysis previously mentioned. The pre-sentence investigation disclosed that appellant had several criminal convictions as a juvenile and an adult, and was committed to the Eastern State Psychiatric Hospital and School as a juvenile. The psychiatric reports indicated that appellant was not psychotic, nor did he possess a disturbed personality of a specific nature. The reports characterized appellant as hostile, prone to engage in self-serving behavior, and likely to

disdain and rebel against rules and discipline. In addition, it was recommended by the Assistant Superintendent of Farview that appellant could derive no further benefit from continued treatment. The Honorable Joseph Stanzini carefully considered Reverend Diehl's testimony along with the reports and recommendations of the Farview staff. Judge Stanziani stated at great length his reasons for imposing the maximum sentence allowed by law.[12] We would find that the court below exercised its discretion in sentencing appellant within proper procedural limits, *see Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976), and we would not now disturb the sentence imposed by the lower court with respect to the burglary, loitering, and rape counts.

We would affirm the judgment of sentence on the bills charging appellant with rape (No. 4024), loitering (Nos. 4486–89), and burglary (Nos. 4025–4028).

The judgment of sentence is vacated on the bills charging appellant with theft of movable property (Nos. 4025–4028).

HESTER and VAN der VOORT, JJ., join.

## OPINION IN SUPPORT OF REVERSAL

CERCONE, President Judge:

In my estimation, appellant's right to attack the colloquy preceding the court's acceptance of his guilty plea has not been waived. While it is true appellant failed to file a petition to withdraw his guilty plea as required by *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140 (1975), the record does not demonstrate that the court or counsel apprised appellant of his obligation to do so. Recently, in *Commonwealth v. Johnson*, 258 Pa.Super. 214, 392 A.2d 760 (1978), a majority of this court held that the absence of record evidence of a knowing and intelligent waiver of the right to petition to withdraw a guilty plea precludes a

12. We note that the sentencing procedure of the court below comports with the requirements enunciated by our supreme court in *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977), even though sentencing occurred pre-*Riggins*.

finding of waiver. See also *Commonwealth v. Phillips,* 264 Pa.Super. 174, 399 A.2d 723 (1979); *Commonwealth v. Meighan,* 262 Pa.Super. 43, 396 A.2d 475 (1978). *Johnson* absolutely prohibits the affirming the judgments of sentence for rape, burglary and loitering, and requires that we vacate those sentences and remand for the filing of a petition to withdraw the guilty plea on the grounds asserted in this appeal.

SPAETH and HOFFMAN, JJ., join.