## Commonwealth *v.* Diggs, Appellant.

Submitted March 10, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Thomas C. Zerbe, Jr.,* Assistant Public Defender, and *Richard D. Walker,* Public Defender, for appellant.

*Marion E. MacIntyre,* Deputy District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., June 24, 1975:

The history of this case shows that the appellant was indicted on two charges of theft by receiving stolen property, one involving an automobile and the other a license plate. He entered a plea of not guilty, waived trial by jury, and was convicted on both charges. He was sentenced to not less than one nor more than five years on each charge, the sentences to run concurrently.

The appellant was tried and convicted on October 25, 1973. He was sentenced on January 22, 1974. The record shows he waived his right to file post-trial motions after his trial. No direct appeal was ever filed following his sentencing. On March 18, 1974, appellant filed a Petition under the Post Conviction Hearing Act wherein he raised several claims, including ineffective counsel and obstruction of appeal rights. This Petition was denied

without a hearing on April 10, 1974. The record also contains a pro se Petition for Reduction of Sentence, filed in early April, 1974. Also, on April 10, 1974, this Petition was denied.

On appeal to our Court from both of these orders, appellant, represented by the Dauphin County Public Defender, argues that the evidence was insufficient and the sentence excessive. Those claims are available solely on direct appeal; no argument is raised concerning the denial of PCHA relief, or the denial of the request for reconsideration of sentence.

Under these circumstances, the conviction must be affirmed. The direct appeal claims were waived by failure to file post-trial motions. *Commonwealth v. Agie,* 449 Pa. 187 (1972). It is not claimed on this appeal that the appellant's waiver of appeal rights was invalid for any reason. *Commonwealth v. Schroth,* 458 Pa. 233 (1974). Lastly, as noted above, denial of PCHA relief without a hearing and denial of reconsideration of sentence are not contested on this appeal. Thus, none of these issues is properly presented to merit our review.

Judgment of sentence affirmed.