## Commonwealth *v.* Doman, Appellant.

Submitted June 9, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*R. Barclay Surrick* and *Ernest Kardas*, Assistant Public Defenders, and *Kenneth P. Barrow*, Public Defender, for appellant.

*Vram Nedurian, Jr., John G. Siegle*, and *Ralph B. D'Iorio*, Assistant District Attorneys, and *Stephen J. McEwen, Jr.*, District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., December 1, 1975:

On October 7, 1970, George H. Westcott's 1965 Cadillac disappeared from the parking lot of the Baldwin-Lima-Hamilton Corporation, in Eddystone, Delaware County, Pennsylvania. The car was found nearly three weeks later, when the appellant, Raymond Doman, was stopped for driving it through a red light at the intersection of Broad and Lycoming Streets, in Philadelphia County. The appellant did not have a registration certificate for the vehicle, nor did he have a driver's license.

The appellant was charged with larceny,[1] receiving stolen goods,[2] and operating a motor vehicle without the

---

1. Act of June 24, 1939, P.L. 872, §807 (18 P.S. §4807), *repealed*, Act of Dec. 6, 1972, P.L. 1482, No. 334, §5.

2. Act of June 24, 1939, P.L. 872, §817, *as amended* (18 P.S. §4817), *repealed*, Act of Dec. 6, 1972, P.L. 1482, No. 334, §5.

knowledge or consent of the owner.[3] A demurrer to the charge of receiving stolen goods was sustained by the lower court, and, on October 19, 1972, the appellant was found guilty by a jury on the other two charges.

After the verdict was announced, appellant's counsel asked for, and was granted, an additional week in which to file post-trial motions. Post-trial motions were filed on October 25, 1972, and sentencing was scheduled for November 3. However, appellant was not sentenced on that date. In fact, the case remained completely dormant until August 28, 1974, when, at the request of the Delaware County District Attorney, a sentencing hearing was held. At that time, appellant had served four years of a ten to twenty year sentence on an unrelated charge.

At the sentencing hearing, appellant's counsel suggested that appellant would withdraw his post-trial motions if the court would make appellant's sentence run concurrently with the sentence he was serving on the unrelated conviction. The court agreed, and sentenced appellant to two terms of imprisonment of not less than eighteen months nor more than three years, both sentences to run concurrently with the sentence he was already serving and with each other. On this appeal, appellant challenges the sufficiency of the evidence to convict him. Before we can consider appellant's argument, however, we must determine whether appellant has waived the issue by his withdrawal of post-trial motions.

Our supreme court has concluded that issues not presented to the trial court in post-trial motions are waived for purposes of appeal. *Commonwealth v. Bronaugh*, 459 Pa. 634, 331 A.2d 171 (1975). However, before the failure to file post-trial motions can be regarded as a waiver, "the record must affirmatively demonstrate that the appellant was aware of his right to file post-trial motions, and that he knowingly and intelligently decided not

---

3. Act of April 29, 1959, P.L. 58, §624, *as amended* (75 P.S. §624).

to do so." *Commonwealth v. Schroth,* 458 Pa. 233, 235, 328 A.2d 168, 169 (1975). A waiver by withdrawal of post-trial motions must also be knowing and intelligent. *Commonwealth v. Williams,* 459 Pa. 589, 330 A.2d 854 (1975).

In this case, the record does not affirmatively demonstrate that appellant's decision to withdraw his post-trial motions was knowingly and intelligently made. After appellant's conviction, the lower court did not inform appellant of his right to file those motions, nor did he inform appellant of the effect of his failure to do so. It is true that the jury convicted appellant on October 19, 1972, prior to the effective date of Pa.R.Crim.P. 1123 (b). However, appellant did not withdraw his post-trial motions until the sentencing hearing on August 28, 1974, long after the effective date of Rule 1123. Yet, even at that hearing, the court failed to explain to appellant that the withdrawal would preclude him from raising issues on appeal. Because the record nowhere indicates that appellant was told of the effects that failing to file post-trial motions would have on his right to appeal, we cannot conclude that his withdrawal of post-trial motions was a knowing and intelligent waiver.

The judgment of sentence[4] imposed by the lower court is vacated and the case is remanded to permit the filing of post-trial motions.

WATKINS, P.J., and VAN DER VOORT, J., concur in the result.

---

4. We note that while appellant was convicted of larceny and operating a vehicle without the knowledge or consent of the owner, he was sentenced on counts of receiving stolen goods and operating a vehicle without the consent or knowledge of the owner. The sentence on the charge of receiving stolen goods is patently illegal. *Commonwealth v. Duitch,* 165 Pa. Superior Ct. 187, 67 A.2d 821 (1949). On remand, should the lower court dispose of appellant's post-trial motions unfavorably to him, a legal sentence must be imposed.