375 A.2d 154

**COMMONWEALTH of Pennsylvania**

v.

**Joseph W. SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 8, 1976.

Decided June 29, 1977.

Gene E. Goldenziel, Assistant Public Defender, Scranton, for appellant.

Charles F. Wilson, Assistant District Attorney, and Paul R. Mazzoni, District Attorney, Scranton, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

On November 25, 1975, appellant Joseph W. Smith failed to appear in court for the resumption of his trial on a charge of receiving stolen property. Appellant was promptly apprehended by the police and brought back to the courtroom, whereupon he changed his plea from "not guilty" to "guilty". The lower court accepted the plea and ordered a pre-sentence investigation. Appellant was sentenced on December 18, 1975, to a term of 18 months to 3 years imprisonment, and filed an appeal with our court challenging the adequacy of the guilty plea colloquy. No petition to withdraw the plea was filed.

In *Commonwealth v. Zakrzewski*, 460 Pa. 528, 333 A.2d 898, decided March 18, 1975, our Supreme Court stated: "In cases, such as the one at bar, where the defendant desires to withdraw a plea of guilty, whether before or after the imposition of sentence, the proper practice is for him to file a petition or motion in the trial court for leave to withdraw the plea. . . . " 460 Pa. at 531, n. 1, 333 A.2d at 900. In a case decided subsequent to *Zakrzewski*, and subsequent to a similar case, *Commonwealth v. Lee*, 460 Pa. 324, 333 A.2d 749 (1975), our own court stressed the necessity of filing such petitions with the lower court prior to appealing to our court. See *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140, decided December 1, 1975. Although in *Roberts* our court remanded to permit the filing, nunc pro tunc, of a petition to withdraw the guilty plea, we made it clear that we would thereafter require "strict compliance" with that procedure. In *Commonwealth v. McCusker*, 245 Pa.Super. 402, 369 A.2d 465 (1976), an appellant who failed to file a petition with the lower court to withdraw his plea of nolo contendere, filed an appeal with our court challenging the adequacy of the colloquy. In *Commonwealth v. Cooke*, 244 Pa.Super. 320, 368 A.2d 741 (1976), an appellant who failed to file a petition with the lower court to withdraw his guilty plea, filed a direct appeal with our court, also challenging the adequacy of the colloquy. In each case, our court held that the appellant had waived his right to challenge the adequacy of the lower court colloquy by failing to petition the lower court to withdraw the plea.

In *Henry v. Mississippi*, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965), the United States Supreme Court upheld the right of state courts to require strict compliance with state procedural rules, even to the extent of preventing vindication of federal rights, provided that the insistence on compliance with the rules served a legitimate state interest. It has been clear in this Commonwealth, at least since our Supreme Court's decision in *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974) that parties in criminal matters would have to raise alleged errors at the lower court level or

risk waiving the issues. The justification for this, of course, is efficient administration of the judicial process. Requiring a criminal defendant to file with the lower court a petition to withdraw his guilty plea furthers the efficient administration of justice by permitting the lower courts to themselves correct error, thereby diminishing the number of time-consuming appeals. A criminal defendant who pleads guilty or nolo contendere and, subsequent to December 1, 1975, takes an appeal to our court challenging the validity of a guilty plea, without first filing a petition with the lower court to withdraw the plea, will have waived his right to challenge the adequacy of the colloquy and the voluntariness of the plea.

Judgment affirmed.

SPAETH, J., dissents for the reasons stated in *Commonwealth v. McCusker*, 245 Pa.Super. 402, 404–411, 369 A.2d 465, 466–69 (1976) (Dissenting Opinion by SPAETH, J.).