390 A.2d 812

**COMMONWEALTH of Pennsylvania**

v.

**Ray Charles RICHTER, Appellant.**

Superior Court of Pennsylvania.

Submitted April 15, 1977.

Decided July 12, 1978.

Dante G. Bertani, Assistant Public Defender, Greensburg, for appellant.

Albert M. Nichols, District Attorney, Greensburg, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

The six Judges who decided this case being equally divided, the judgment of sentence is affirmed.

PRICE, J., files an opinion in support of affirmance in which JACOBS, President Judge, and VAN der VOORT, J., join.

SPAETH, J., files an opinion in support of remand in which HOFFMAN and CERCONE, JJ., join.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

## IN SUPPORT OF AFFIRMANCE

PRICE, Judge:

■ Appellant contends that he did not knowingly and intelligently waive his right to a jury trial, that he did not consent to the incorporation of the record of a prior trial, and that the evidence was insufficient to support his conviction. These claims were not raised in appellant's oral post-trial motion and thus are waived. *Commonwealth v. Jackson*, 477 Pa. 195, 383 A.2d 890 (1978); *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975).

■ This appeal does not raise any issue in regard to the voluntariness of appellant's failure to include his claims in post-trial motions or the lower court's noncompliance with Pa.R.Crim.P. 1123(c). We believe it is improper for this court to engage in sua sponte review of these matters. The Pennsylvania Supreme Court has recently expressed its reliance on "the well-established and jurisprudentially sound rule that a court should not sua sponte raise an issue not properly placed before it by the litigants. *See Reed v. Sloan*, 475 Pa. 570, n.4, 381 A.2d 421, n.4 (1977); *Commonwealth v. Branham*, 467 Pa. 605, 359 A.2d 766 (1976); *Weigand v. Weigand*, 461 Pa. 482, 337 A.2d 256 (1975)." *Commonwealth v. Mimms*, 477 Pa. 553, 556 n.5, 385 A.2d 334, 335 n.5 (1978). *See also* Pa.R.A.P. 2116(c) and 2118(e), and this writer's dissenting opinion in *Commonwealth v. Leaman*, 255 Pa.Super. 481, 388 A.2d 330 (1978).

We would hold appellant's claim waived and affirm the judgment of sentence.

JACOBS, President Judge, and VAN der VOORT, J., join in this opinion.

## OPINION IN SUPPORT OF REMAND

SPAETH, Judge:

Appellant was convicted of aggravated assault. On this appeal he argues that the record fails to establish either that

he waived his right to a jury trial or that he consented to the incorporation of the record of a prior trial; he also argues that the evidence was insufficient to support his conviction.

It might appear that these arguments have been waived because they were not raised in appellant's oral post-trial motion. *Commonwealth v. Blair*, 460 Pa. 31, 33 n. 1, 331 A.2d 213, 214 n. 1 (1975). However, the lower court did not comply with Pa.R.Crim.P. 1123(c) in that it did not inform appellant of the necessity of filing specific motions in order to preserve his claims for appellate review. *Commonwealth v. Miller*, 469 Pa. 370, 366 A.2d 220 (1976); *Commonwealth v. Brown*, 248 Pa.Super. 289, 375 A.2d 102 (1977). Appellant therefore cannot be deemed to have knowingly and voluntarily waived his right to file post-trial motions. *Commonwealth v. Cathey*, 477 Pa. 446, 384 A.2d 589 (1978); *Commonwealth v. Schroth*, 458 Pa. 233, 235, 328 A.2d 168, 169 (1975); *Commonwealth v. Leaman*, 255 Pa.Super. 481, 388 A.2d 330 (1978); *Commonwealth v. Doman*, 237 Pa.Super. 415, 417–18, 352 A.2d 157, 159 (1975).

The judgment of sentence should be vacated and the case remanded for the filing of post-verdict motions *nunc pro tunc*.

HOFFMAN and CERCONE, JJ., join in this opinion.