392 A.2d 760

**COMMONWEALTH of Pennsylvania**

v.

**Joseph West JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 30, 1977.

Decided Oct. 20, 1978.

Ronald F. Kidd, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This appeal concerns the validity of appellant's guilty pleas entered on November 10, 1975 to two indictments. Appellant, Joseph Johnson, contends that his guilty pleas were not voluntarily entered. Since appellant failed to follow the requisite procedure for the withdrawal of his guilty pleas, his appeal is not ripe for review at this time.

Appellant has made the common, but no longer condoned, mistake of attacking the validity of a guilty plea on direct appeal without first filing a petition to withdraw the plea with the court to which the plea was made. This procedural error was first pointed out by our Supreme Court in *Commonwealth v. Lee*, 460 Pa. 324, 333 A.2d 749 (1975). In a case decided subsequent to *Lee*, our court made mandatory the procedure of filing a petition with the lower court for the withdrawal of a guilty plea or a plea of nolo contendere prior to appealing to this court. See *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140 (1975).

Following our decision in *Roberts*, this court required strict compliance with the procedural rule which we then applied. Accordingly, we held on several occasions that an appellant's failure to comply with the foregoing procedure,

by neglecting to first petition the lower court to withdraw the plea, constituted an automatic waiver of the right to challenge the voluntariness of the plea on direct appeal. See, *Commonwealth v. Smith*, 248 Pa.Super. 392, 375 A.2d 154 (1977); *Commonwealth v. McCusker*, 245 Pa.Super. 402, 369 A.2d 465 (1976), rev'd, —— Pa. —— (1977); and *Commonwealth v. Cooke*, 244 Pa.Super. 320, 368 A.2d 741 (1976).

■ In mitigation of the potential harshness of the "automatic" waiver rule, however, the Supreme Court in *Commonwealth v. McCusker*, supra, recently instituted a waiver test similar to the one employed in cases involving an appellant's failure to file post-verdict motions. Under this test, before an appellate court may find that a petitioner has effectively waived his right to assail the validity of a guilty plea on direct appeal, the record in the particular case must demonstrate that appellant knowingly and intelligently waived such right. More precisely, a finding of waiver must be based upon affirmative proof in the record that appellant had been apprised by the lower court or his counsel of the right to petition to withdraw his guilty plea, of the right to the assistance of counsel in filing such a petition, and *of the consequences of not filing* such a petition. Hence, in the case at hand, unless the record establishes that appellant was fully cognizant of the foregoing factors, his failure to comport with the procedure established in *Roberts* cannot, at this time, be treated as a voluntary and intelligent waiver of his right to challenge the validity of his guilty pleas.

■ In the present case, although the lower court's colloquy with appellant was extensive, at no point did it advise appellant of his right to file a petition to withdraw a guilty plea, and of the consequences of not filing such a petition. Nor does the record contain evidence that appellant's counsel warned appellant that his failure to petition the lower court to withdraw his guilty pleas would result in the forfeiture of the right to attack the validity of his pleas in a later appeal. Thus, we find it impossible to ascertain from the record in this case whether appellant has, in fact, knowingly and intelligently waived his right of appeal.

At this point, were we to analogize the requirement of filing a petition to withdraw a guilty plea with the theoretically related requirement of filing post-verdict motions, two potential remedies would emerge: (1) We might remand for a hearing to determine whether appellant's failure to file a petition to withdraw his plea was knowing and voluntary despite the absence of the court's instruction on that point, cf. *Commonwealth v. Tate*, 464 Pa. 25, 346 A.2d 1 (1975); *Commonwealth v. Ash*, 461 Pa. 670, 337 A.2d 821 (1975); *Commonwealth v. Schroth*, 458 Pa. 233, 328 A.2d 168 (1974); or (2) We might remand for the filing of a petition to withdraw the guilty plea *nunc pro tunc*, cf. *Commonwealth v. Williams*, 459 Pa. 589, 330 A.2d 854 (1975); *Commonwealth v. Brown*, 248 Pa.Super. 289, 375 A.2d 102 (1977); *Commonwealth v. Doman*, 237 Pa.Super. 415, 352 A.2d 157 (1975). However, as we recently pointed out in *Commonwealth v. Rinier*, 255 Pa.Super. 166, 386 A.2d 560 (1978), the availability of these alternative remedies has led to puzzling, if not irreconcilably conflicting results. Fortunately, thus far the question of the appropriate relief to be granted when an appellant has failed to file a petition to withdraw his plea has not been so infected by confusion. If the trial court has failed to inform appellant of his right to file a petition to withdraw his plea, as well as the consequences of his failure to do so, an invalid waiver will be conclusively inferred. See, e. g., *Commonwealth v. McCusker*, —— Pa. —— (1977); *Commonwealth v. Marzik*, 255 Pa.Super. 500, 388 A.2d 340 (1978). In such situations appellants are treated in the same fashion as those whose appeals were pending when we decided *Commonwealth v. Roberts*, supra; we remand for the filing of petitions to withdraw the guilty pleas *nunc pro tunc*, thereby affording the trial court the first opportunity to rule on the underlying waiver issue. See, e. g., *Commonwealth v. Kitis*, 241 Pa.Super. 537, 358 A.2d 73 (1976); *Commonwealth v. Velasquez*, 238 Pa.Super. 368, 357 A.2d 155 (1976). Since, as we indicated above, the record in the instant case is devoid of warnings to appellant of the consequences of his failure to file a petition to withdraw his guilty plea on appeal prior to challenging its

validity, we will vacate the judgment of sentence and remand for the filing of such a petition *nunc pro tunc.*

It is so ordered.

PRICE, J., files a dissenting statement in which VAN der VOORT, J., joins.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

PRICE, Judge, dissenting:

I dissent and would affirm. The issue of the voluntariness of appellant's failure to petition the lower court to withdraw his guilty plea is not raised as an issue in this appeal. Accordingly I believe the majority errs in engaging in review sua sponte. *Commonwealth v. Richter,* 257 Pa.Super. 260, 390 A.2d 812 (1978); *Commonwealth v. Hughes,* 257 Pa.Super. 258, 390 A.2d 811 (1978). This court is again divided on this issue.

VAN der VOORT, J., joins in this dissenting statement.