J-S59013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRYAN J. SHINE, | |
| Appellant | No. 2133 EDA 2015 |

Appeal from the Judgment of Sentence June 26, 2014
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000075-2015

BEFORE: BENDER, P.J.E., OLSON, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED OCTOBER 26, 2016**

Appellant, Bryan J. Shine, appeals from the judgement of sentence imposed following his guilty plea to resisting arrest and harassment, and seeks to revoke that plea on the basis that it was not knowingly, voluntarily, and/or intelligently entered. Specifically, at issue in this appeal is whether Appellant waived his challenge to his plea by failing to file a timely post-sentence motion. After careful review, we must affirm.

The facts establishing Appellant's guilt for these crimes are not relevant to the instant appeal. After his arrest on August 5, 2014, Appellant pled guilty, *pro se*,[1] on June 26, 2015. Pursuant to a negotiated plea

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant was appointed counsel, but ultimately chose to proceed *pro se* after his petition for new appointed counsel was rejected by the trial court.
*(Footnote Continued Next Page)*

agreement, Appellant pled guilty to one count of resisting arrest, 18 Pa.C.S. 5104, and one count of harassment, 18 Pa.C.S. § 2709, in exchange for a sentence of 2-23 months' incarceration for resisting arrest (for which Appellant was afforded 61 days of credit for time served), and a consecutive term of 90 days' probation for harassment. Appellant was then immediately paroled.

On July 13, 2015, Appellant filed a timely, *pro se* notice of appeal. Appellant filed a *pro se*, court-ordered, Pa.R.A.P. 1925(b) statement on August 3, 2015. Additionally, on that date, Appellant filed an untimely, *pro se*, post-sentence motion seeking to withdraw his guilty plea. The trial court filed its Rule 1925(a) opinion on August 10, 2015. Appellant subsequently requested the appointment of appellate counsel on September 8, 2015. On September 11, 2015, the trial court granted his motion, appointing appellate counsel from the Chester County Public Defender's Office to represent Appellant on appeal. Appointed counsel filed a brief on Appellant's behalf.

In his brief, Appellant presents the following question for our review: "Did Appellant knowingly and intelligently waive his right to challenge the validity of his guilty plea?" Appellant's Brief, at 2.

*(Footnote Continued)* ─────────────

Appellant proceeded *pro se* throughout the plea process, and filed a *pro se* notice of appeal, as well as a *pro se* Pa.R.A.P. 1925(b) statement. However, Appellant is now represented by appointed counsel, who filed a brief to this Court on his behalf. No issues directly relating to the representation of prior counsel, or Appellant's prior, *pro se* status, have been raised in this appeal.

As a threshold matter, the Commonwealth argues that this question was not preserved in Appellant's *pro se*, Rule 1925(b) statement. We are compelled to agree. Appellant's *pro se*, Rule 1925(b) statement presented a plethora of claims, including whether he knowingly, intelligently, and voluntarily entered a guilty plea. **See** Appellant's Pa.R.A.P. 1925(b) Statement, 8/3/15, at 1-3. However, therein, he clearly did not assert any exception to the waiver of his guilty plea challenge due to his failure to preserve it in a timely post-sentence motion, such as a claim that this waiver could be overlooked on the basis that he was improperly advised of his post-sentence motion or appellate rights.[2] As is now axiomatic, "[a]ny issues not

_____

[2] "The entry of a guilty plea constitutes a waiver of all defects and defenses except lack of jurisdiction, invalidity of the plea, and illegality of the sentence." **Commonwealth v. Tareila**, 895 A.2d 1266, 1267 (Pa. Super. 2006) (citing **Commonwealth v. Messmer**, 863 A.2d 567, 571 (Pa. Super. 2004)). However, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302. "For example, a request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal." **Commonwealth v. Rush**, 959 A.2d 945, 949 (Pa. Super. 2008) (citing **Tareila**).

Appellant correctly argues that we may overlook his failure to challenge his guilty plea in a post-trial motion because "[t]his stringent automatic waiver rule … has been mitigated by the rulings in **McCusker v. Commonwealth of Pennsylvania**, 402 A.2d 500 (Pa. 1999), **Commonwealth v. Johnson**, 392 A.2d 760 (Pa. Super. 1978), and **Commonwealth v. Arndt**, 410 A.2d 852 (Pa. Super. 1979). Appellant's Brief, at 9-10. In **McCusker**, our Supreme Court issued an order vacating McCusker's sentence, and remanding for the filing of post-verdict motions *nunc pro tunc* on his behalf, where "[t]he record … reveal[ed] that … McCusker … was not informed of his right to file post-verdict motions following the acceptance of his plea of nolo-contendere." **McCusker**, 402

*(Footnote Continued Next Page)*

- 3 -

*(Footnote Continued)* _____

A.2d at 500. Elaborating on that decision, in **Johnson**, this Court held: "If the trial court has failed to inform [an] appellant of his right to file a petition to withdraw his plea, as well as the consequences of his failure to do so, an invalid waiver will be conclusively inferred." **Johnson**, 392 A.2d at 762. We also reiterated that, as was the case in **McCusker**, the remedy for this failure-to-inform is to vacate the judgment of sentence imposed, and to remand for the filing of a *nunc pro tunc* petition challenging the validity of the guilty plea. **Id.** at 763. In **Arndt**, this Court recognized the authorities of **Johnson** and **McCusker**, but concluded that remand was not necessary despite the trial court's failure to properly inform the defendant of his right to challenge his guilty plea in post-trial motions (and the consequences for the failure to do so), because the defendant had, in fact, filed "comprehensive post verdict motions which alleged numerous grounds as a basis for challenging the validity of his plea" which were discussed and resolved in the trial court's opinion. **Arndt**, 410 A.2d at 853–54.

Instantly, Appellant claims he is entitled to relief under **McCusker** and **Johnson** because the lower court "at no point advised [him] of his right to file a petition to withdraw his guilty plea" or the consequences of not doing so. Appellant's Brief, at 12. We agree that Appellant was not properly informed of his post-sentence and appellate rights by the trial court, especially with regard to whether he would waive a challenge to his guilty plea by failing to file a post-sentence motion raising that claim. In the written guilty plea colloquy, Appellant was advised as follows:

> 28. If I enter a plea in this matter, I give up my right to appeal to the Superior Court on the basis of any trial errors. My rights to appeal after a guilty plea are limited to 4 grounds only:
>
> > a. that this Court did not have jurisdiction, as for instance, where the offense occurred in another county;
> >
> > b. that the sentence imposed was illegal;
> >
> > c. *that I entered my plea either involuntarily or unknowingly*; or
> >
> > d. that my attorney was not competent in the matter in which he represented me.

Appellant's Guilty Plea Colloquy, 6/26/16, at 7 ¶ 28 (emphasis added).

*(Footnote Continued Next Page)*

*(Footnote Continued)*

However, in the same colloquy, Appellant was incorrectly advised that:

34.  I have ten (10) days from the date I am sentenced within which to file optional motions with this Court for post-sentence relief, such as a motion to withdraw my guilty plea or a motion to modify sentence.  I understand that these motions must be in writing, and specify the reasons why relief is requested.  *I also understand that failure to file these optional motions shall not be a waiver of any rights or issues I could raise on appeal.*

***Id.*** at 8 ¶ 34 (emphasis added).

Clearly, the italicized language from ¶ 34 is at best a confusing misstatement of Pennsylvania law, if not a direct contradiction of it.  As noted previously, this statement appears to contradict, *inter alia*, the rule that challenges to the validity of a guilty plea must be raised in the first instance with the trial court.  **See Rush**, **supra**.  Granted, such claims *theoretically* need not be specifically raised in a post-sentence motion pursuant to Pa.R.Crim.P. 720 (as they may also be raised in a pre-sentence or post-verdict/plea motion).  However, as a practical matter, when a guilty plea colloquy and sentencing occur in the same proceeding (which is often the case, and which was the case in this matter), the failure to subsequently challenge the validity of the plea in a post-sentence motion waives any such claim for purposes of direct appeal.

Yet, by not asserting an exception to the waiver rule matter in his *pro se*, Rule 1925(b) statement, Appellant effectively abandoned this claim for purposes of his direct appeal.  Arguably, Appellant's current counsel could have requested leave to amend Appellant's *pro se*, Rule 1925(b) statement upon discovering Appellant's *pro se* omission, but it does not appear in the record of this case that any such attempt was made.   Nevertheless, Appellant has not suggested, in his appellate brief, that counsel was ineffective in this regard, nor is it clear that such a claim could be raised on direct appeal under the framework set forth in **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013) (recognizing two exceptions to the presumptive relegation of ineffective assistance of counsel claims to collateral review). In any event, counsel may not raise their own ineffectiveness.

raised in a 1925(b) statement will be deemed waived." ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998).

In sum, the question raised in Appellant's brief was not preserved in his Rule 1925(b) statement and, consequently, not addressed in the trial court's Rule 1925(a) opinion. Therefore, we must deem Appellant's claim waived under ***Lord***.

Judgment of sentence ***affirmed***.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/2016