J-S80022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARL WHITE | : | |
| | : | |
| Appellant | : | No. 3843 EDA 2017 |

Appeal from the PCRA Order October 20, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001136-2015

BEFORE:  BENDER, P.J.E., BOWES, J., and NICHOLS, J.

MEMORANDUM BY BOWES, J.:                         **FILED JUNE 06, 2019**

Carl White appeals *pro se* from the order that dismissed without a hearing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

The PCRA court offered the following summary of the facts underlying Appellant's prosecution.

> On Sunday, November 9th, 2014, at around 8:00 p.m., the victim, Wayne Ellington Sr., was driving a red Oldsmobile Intrigue on the 5100 block of Marion Street in Philadelphia.  [Appellant] approached the car and fired a gunshot into Ellington's head at close range.  The bullet entered Ellington's head on the lateral left brow ridge and exited his right temple, killing him.  Two eyewitnesses saw [Appellant] approach the vehicle and heard the gunshot.  Each identified [Appellant] from a photo array. [Appellant]'s cell phone records confirmed his presence in the area at the time of the homicide.  [Appellant] gave a statement to detectives in which he admitted that he approached the victim's car that day.  [Appellant] further stated that he did not want to say what had happened since he did not want his son and girlfriend to think he was a cold-blooded killer.

PCRA Court Opinion, 2/26/18, at 3 (citation omitted).

Appellant was charged with homicide (generally), possession of an instrument of crime ("PIC"), and three violations of the Uniform Firearms Act ("VUFA"): possession of firearm prohibited, firearms not to be carried without a license, and carrying firearms upon public streets in Philadelphia. On February 16, 2016, Appellant entered a negotiated guilty plea to third-degree murder, two of the VUFA charges, and PIC, for an aggregate term of thirty to sixty years of imprisonment. The trial court accepted the plea and imposed the agreed-upon sentence. Appellant did not file a direct appeal.

Appellant filed a timely, *pro se* PCRA petition raising claims of ineffective assistance of plea counsel and an involuntary guilty plea. Counsel was appointed, but withdrew based upon a change of employment. New counsel was appointed, who filed a motion to withdraw and no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The PCRA court agreed with counsel's assessment of the merits of Appellant's petition, and issued notice of its intent to dismiss it without a hearing pursuant to Pa.R.Crim.P. 907.

Appellant filed a *pro se* response to the notice, claiming therein that PCRA counsel was ineffective in failing to raise several instances of trial counsel's ineffectiveness. Counsel filed two additional **Turner**/**Finley** letters addressing Appellant's contentions, after which the PCRA court dismissed

Appellant's petition and allowed counsel to withdraw. Appellant filed a timely notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant claims that PCRA counsel was ineffective in failing to raise the following claims, and that the PCRA court erred in accepting PCRA counsel's no-merit letter in the face of these claims:

A. Trial counsel James Maradinelli, Esquire's ineffectiveness, when trial counsel coerced Appellant to plead guilty, when he failed to request a *Franks* hearing, pursuant to *Franks v. Delaware*, [438 U.S. 154] (1978), and *Whitely v. Warden*, [*Wyo. State Penitentiary*, 401 U.S. 560] (1971), where the affiant of the affidavit of probable cause lied in the affidavit of prob[a]ble cause, thus, making Appellant's guilty plea unknowing, unintelligent and [i]nvoluntary.

B. Trial counsel James Maradinelli, Esquire's ineffectiveness, when trial counsel coerced Appellant to plead guilty, when he failed to put the Commonwealth's case to adversarial testing, where the Commonwealth's eyewitness, Zakia Hutchinson a.k.a. Lizzie Hutchinson[,] provided false statements and made a reckless disregard of the truth, in which Zakia Hutchinson's preliminary hearing testimony contradicted material facts in the affidavit of probable cause concerning the credibil[i]ty of identification on the night in question, thus, making Appellant['s] guilty plea unknowing, unintelligent and [i]nvoluntary.

C. Trial counsel James Maradinelli, Esquire's ineffectiveness, when he failed to warn Appellant that my failure to petit[i]on the lower court to wit[h]draw my guilty plea would result in the forfeiture of the right to attack the validity of my plea in a later appeal pursuant to *Com[monwealth] v. Johnson*, 392 A.2d 760 (Pa.Super. 1977).

D. Trial counsel James Maradinelli, Esquire's ineffectiveness, when he failed to make a critical and va[li]d objection, when the trial court failed to advise Appellant of his right to file, specifically, a petition to withdraw my guilty plea, and of the consequences of

- 3 -

not filing such petition pursuant to **Com**[**monwealth**] **v. Johnson**, 392 A.2d 760 (Pa.Super. 1977).

E. Appellant aver[s] that his sentence is illegal, where trial court failed to merge the VUFA conviction with the PIC for sente[n]cing purpose.

Appellant's brief at 4-5 (unnecessary capitalization omitted).

We begin with the principles pertinent to our review. "Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Johnson**, 179 A.3d 1153, 1156 (Pa.Super. 2018) (internal quotation marks omitted). Further, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." **Commonwealth v. Miner**, 44 A.3d 684, 688 (Pa.Super. 2012).

Appellant's claims relate to allegations that prior counsel rendered ineffective assistance. Counsel is presumed to be effective, and a PCRA petitioner bears the burden of proving otherwise. **Commonwealth v. Becker**, 192 A.3d 106, 112 (Pa.Super. 2018). To do so, the petitioner must plead and prove (1) the legal claim underlying his ineffectiveness claim has arguable merit; (2) counsel's decision to act (or not) lacked a reasonable basis designed to effectuate the petitioner's interests; and (3) prejudice resulted. **Id**. The failure to establish any prong is fatal to the claim. **Id**. at 114.

Appellant entered a guilty plea. Accordingly, his claims of ineffective assistance of plea counsel merit PCRA relief only if they caused him to enter an unknowing or involuntary plea. **Commonwealth v. Barndt**, 74 A.3d 185,

- 4 -

192 (Pa.Super. 2013). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id*. (cleaned up). To establish the prejudice prong of his claims, Appellant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. (cleaned up).

Appellant's first two issues concern attacks on the credibility of Zakia Hutchinson, one of the two eyewitnesses to the murder. Appellant provides detailed analysis of discrepancies between the information attributed to Ms. Hutchinson in the affidavit of probable cause that supported Appellant's arrest warrant and the testimony she offered at his preliminary hearing. *See* Appellant's brief at 11-16 (citing, *inter alia*, the witness's description of the victim's car at one point as a "red Caddy" and at another as a "burgundy vehicle," and hearing one versus two shots). Appellant asserts that such disparate accounts of her knowledge evidence a reckless disregard for the truth of her statements, undermining the validity of his arrest, which was not sufficiently supported solely by the other eyewitness's evidence. *See id*. at 17 (arguing that information of second witness, Richard Birch, "was not overwhelming evidence and did not incriminate Appellant as committing a crime") (emphasis omitted). Hence, Appellant avers, plea counsel was

ineffective in not using the discrepancies as a basis to support his pretrial challenge to the legality of Appellant's arrest under **Franks** and **Whiteley**.

In **Whiteley**, the United States Supreme Court reiterated long-standing precedent providing that an arrest not based upon probable cause results in the exclusion of evidence acquired incident to the arrest. **Whiteley**, **supra** at 568-69. In **Franks**, the High Court established the procedure whereby a defendant may challenge the veracity an affiant regarding the factual averments in the affidavit of probable cause supporting an arrest warrant.[1]

_____

[1] As our Supreme Court explained:

> The [**Franks**] Court held where the defendant makes a substantial preliminary showing the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement in the affidavit, the Fourth Amendment requires a hearing be held at the defendant's request. The Court emphasized the defendant's attack on the affidavit must be "more than conclusory and must be supported by more than a mere desire to cross-examine"; the defendant must allege deliberate falsehood or reckless disregard for the truth, accompanied by an offer of proof. If the defendant meets these requirements, but the remainder of the affidavit's content is still sufficient to establish probable cause, no hearing is required. If the affidavit's remaining content is insufficient, a hearing is held, at which the defendant must establish, by a preponderance of the evidence, the allegation of perjury or reckless disregard. If he meets this burden, the affidavit's false material is disregarded; if its remaining content is insufficient to establish probable cause, the search warrant is voided, and the fruits thereof are excluded.

**Commonwealth v. James**, 69 A.3d 180, 188 (Pa. 2013) (cleaned up).

The PCRA court concluded that a challenge to Appellant's arrest based upon differences between Ms. Hutchinson's statement summarized in the affidavit of probable cause and her testimony at the preliminary hearing would have been fruitless, as her testimony was substantially similar to the affidavit, and the minor differences "do not, in any manner, call into question the veracity of the affiant," or undermine Ms. Hutchinson's credibility. PCRA Court Opinion, 2/26/18, at 5-6.

We determine, however, that we need not concern ourselves with the merits of the underlying claim, as it is apparent from the record that Appellant did not offer the requisite allegations of prejudice in the PCRA court to merit relief.[2] In his appellate brief, Appellant states that he would not have accepted plea counsel's advice to plead guilty had counsel made a challenge based upon Ms. Hutchinson's differing particulars. However, nowhere in his response to counsel's **Turner**/**Finley** letter or the PCRA court's Rule 907 notice did Appellant suggest that he would have insisted upon going to trial rather than pleading guilty had plea counsel chosen a different course in pursing pretrial motions. We may not consider issues raised for the first time on appeal as a basis for finding that a PCRA court abused its discretion. **See** Pa.R.A.P. 302(a)

_____

[2] It is well settled that "we may affirm the decision of the PCRA court if there is any basis on the record to support the PCRA court's action; this is so even if we rely on a different basis in our decision to affirm." **Commonwealth v. Wiley**, 966 A.2d 1153, 1157 (Pa.Super. 2009) (cleaned up).

("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Accordingly, the PCRA court did not err in concluding that Appellant failed to raise meritorious claims regarding plea counsel's performance in relation to Ms. Hutchinson's testimony. *See Commonwealth v. Timchak*, 69 A.3d 765, 775 (Pa.Super. 2013) (holding that ineffectiveness claim failed, even assuming *arguendo* that there was merit to a claim not pursued by plea counsel, where the petitioner "failed to demonstrate, let alone allege, that, but for counsel's inaction, he would not have pled guilty and would have gone to trial"). As such, Appellant's first two claims of error merit no relief from this Court.

In his next two arguments, Appellant maintains that plea counsel was ineffective in failing to ensure that Appellant was adequately advised that he would forfeit his right to attack the validity of his plea if he did not file a timely post-trial motion to withdraw his plea. Appellant's brief at 29-31. In support, Appellant cites cases involving waiver in the context of challenges to the validity of a plea on direct appeal. *Id*. at 29 (citing, *inter alia*, **Johnson**, **supra** at 763 ("Since . . . the record in the instant case is devoid of warnings to appellant of the consequences of his failure to file a petition to withdraw his guilty plea on appeal prior to challenging its validity, we will vacate the judgment of sentence and remand for the filing of such a petition *nunc pro tunc*.")).

Again, we determine no relief is due. As the PCRA court aptly observed, Appellant was advised of his right to file a post-sentence motion to withdraw his guilty plea, and that failure to do so would result in waiver. PCRA Court Opinion, 2/26/18, at 6-7. The transcript of the plea colloquy reveals the following exchange between the sentencing court and Appellant:

THE COURT: You have 30 days to appeal. You have 10 days to file post[-]sentence motions. If you wish to do either of those two things, they have to be in writing and [plea counsel] will represent you.

**If you want to claim when you pled guilty here a few moments ago, you did not do so voluntarily** or if you believe I gave you an excessive sentence, **you have to raise that with me in the next 10 days or those claims will be deemed to be waived**.

Anything else you can raise with me in the next 10 days in a post[-]sentence motion or to the Superior Court, that's the next highest court in the next 30 days with an appeal.

As you sit here now, do you have any desire to appeal or to file post[-]sentence motions?

[APPELLANT]: No.

THE COURT: Well, if [you] change your mind, make sure you tell [plea counsel] in the next 10 days, all right, sir?

[APPELLANT]: Yes.

N.T. Guilty Plea, 2/16/16, at 41-42 (emphasis added).

As such, the PCRA court did not err in concluding that Appellant's claims regarding the adequacy of his plea colloquy were meritless.

Finally, Appellant contends that he is serving an illegal sentence because one of his VUFA and PIC convictions should have merged for sentencing

- 9 -

purposes.[3] His only authority to support this proposition is that "it has long been established law in Philadelphia that, the charges of carrying a firearm on public streets and possessing an instrument of crime were deemed **merged** for purposes of sentencing."[4] Appellant's brief at 31 (emphasis in original).

Our legislature has determined that "No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense." 42 Pa.C.S. § 9765. Relevant to this issue, Appellant was convicted of a VUFA offense pursuant to 18 Pa.C.S. § 6108, which prohibits a person without a license, or an exemption from the licensing requirement, from carrying "a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class[.]" He also pled guilty to PIC, which provides: "A person commits a misdemeanor of

---

[3] This claim was not included in Appellant's response to the PCRA court's Rule 907 notice or in his Rule 1925(b) statement. However, challenges to the legality of sentence may be raised for the first time on appeal. *See*, *e.g.*, **Commonwealth v. Robinson**, 931 A.2d 15, 19-20 (Pa.Super. 2007) (*en banc*) ("A challenge to the legality of the sentence may be raised as a matter of right, is non-waivable, and may be entertained so long as the reviewing court has jurisdiction.").

[4] The sole authority Appellant offers is an incorrect citation to a trial court opinion that was appended to a non-precedential memorandum decision of this Court in 2013 in **Commonwealth v. Jackson**, 68 A.3d 371 (Pa.Super. 2013), in which merger was mentioned in a footnote and was not an issue before this Court. As such, Appellant has failed to offer any authority that is citable even for persuasive value.

the first degree if he possesses any instrument of crime with intent to employ it criminally." 18 Pa.C.S. § 907(a).

The VUFA conviction under § 6108 does not require proof of an intent to use the firearm criminally, and PIC has no elements concerning public areas of a city of the first class or licensure. As each offense contains an element that the other does not, the convictions do not merge for sentencing. *See also Commonwealth v. Williams*, 509 A.2d 409, 412 (Pa.Super. 1986) (holding charge of carrying a firearm in Philadelphia did not merge with PIC related to firearm used in a robbery).

As such, Appellant has failed to convince this Court that the PCRA court erred and that relief from this Court is due. *See Miner*, *supra* at 688. Accordingly, we affirm the order dismissing his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/19